IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| C&P COAL CORPORATION, a Utah corp., <br><br> Plaintiff, <br><br> vs. <br><br> CONSOLIDATION COAL COMPANY, CONSOL ENERGY, INC., and CNX LAND RESOURCES, INC., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER SUSTAINING, IN PART, PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S MAY 17, 2006 ORDER <br><br><br><br> Case No. 2:04-CV-942 TS |

This matter is before the Court on Plaintiff's Objection to the Magistrate Judge's May 17, 2006 Order Denying Plaintiff's Motion to Compel.[1] That Order denied Plaintiff's Motion to Compel[2] production of privileged information relating to an investigation stemming from an anonymous letter sent to Defendants' Board of Directors and also held

---

[1]Docket No. 68.

[2]Docket No. 32.

1

in abeyance Defendants' Motion to Compel.  Plaintiff objects only to the portion of the Order denying its Motion to Compel.

The Magistrate Judge conducted an *in camera* review of the documents and found that the documents were not relevant to the claim or defense of any party.

For non-dispositive pretrial matters, this Court reviews the Magistrate Judge's Orders under a "clearly erroneous or contrary to law" standard of review.[3]  Under the clearly erroneous standard, this Court will affirm the Magistrate Judge's ruling "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[4]  Courts recognize that wide discretion is given the magistrate judge in discovery rulings.[5]

Plaintiff contends that the Magistrate Judge's Order is clearly erroneous and contrary to law.  Plaintiff objects to the Order on the grounds that the information is discoverable under Rule 26(b)(1)[6] because it appears to be reasonably calculated to lead to the discovery of admissible evidence.  It contends that if the documents show wrongdoing by Defendants in regard to the sale of the Emery Mine to Plaintiff, it would be relevant to Defendants' intent to scuttle the sale, which would, in turn, undermine their credibility regarding their present position on the interpretation of the contracts at issue.

---

[3] 28 U.S.C. § 636(b)(1)(A).

[4] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[5] *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir. 1999).

[6] Fed.R.Civ.P. 26(b).

The Court has undertaken its own *in camera* review of the documents.  The Court finds that the Magistrate Judge's finding is largely supported by the record.  The material at issue is found in Counsel' Report of Investigation (the Report) prepared by counsel for a Special Committee of the Board of Directors of Consol Energy.  The Special Committee was charged with investigating allegations of mismanagement made in a series of anonymous letters.[7]  Only nine pages of the Report in any way related to the proposed sale of the Emery Mine to Plaintiff.

The Court agrees with the Magistrate Judge that almost all of those pages are not relevant to the issues in this case.  But the Court does find that a single paragraph, spread over two pages of the report, is relevant to an issue between the parties, namely, the interpretation of the agreement regarding the sale of stockpiled coal.  Therefore, it was clearly erroneous to not grant the motion to compel for that paragraph.  It appears to the Court that the two pages containing the paragraph to be produced also contain confidential business information not related to an issue in this case.  Accordingly, the Court will order that only the following be produced: the single paragraph beginning at the bottom of page 42, beginning with the word "Second," continuing on page 43, and ending with the word "ton."  Pages 42 and 43 shall be produced in redacted form with all information other than said paragraph redacted.

It is therefore

---

[7]The anonymous letters are attached as exhibits to the Report.

ORDERED that Plaintiff's Objection to Magistrate Judge's Order (Docket No. 71) is SUSTAINED, in part, and the Magistrate Judge's May 17, 2006 Order Denying Plaintiff's Motion to Compel is overruled regarding the single paragraph appearing on pages 42 and 43 of the report as set forth above.  The Magistrate Judge's May 17, 2006, Order is OTHERWISE AFFIRMED in all other respects.  It is further

ORDERED that the following be produced to Plaintiff within ten days of the entry of this Order: the single paragraph beginning at the bottom of page 42, beginning with the word "Second," continuing on page 43, and ending with the word "ton."  Pages 42 and 43 shall be produced in redacted form with all information other than said paragraph redacted.  It is further

ORDERED that the Report produced for *in camera* inspection shall be FILED UNDER SEAL as an exhibit to this Memorandum Decision.

DATED October 12, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge
